

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MORRIS REESE CRATER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 00-380** |
| **MORGAN CITY POLICE DEP'T ET AL.** | **SECTION "T" (5)** |

### REPORT AND RECOMMENDATION

The plaintiff Morris Reese Crater, a prisoner at the East Carroll Detention Center in Lake Providence, Louisiana, has filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against the Morgan City Police Department and Officer Travis Crouch. The plaintiff alleges that on February 16, 1999, Officer Crouch used excessive force in arresting him.

Because § 1983 contains no specific venue provision, venue is determined under 28 U.S.C. section 1391, also known as the general venue statute. *See Jones v. Bales*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd*, 480 F.2d 805 (5th Cir. 1973). Section 1391(b) provides in pertinent part as follows:

> A civil action wherein jurisdiction is not founded on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . ., or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Pursuant to 28 U.S.C. § 1406(a), a district court in which venue is wrong may transfer a case

DATE OF ENTRY  FEB 28 2000
DATE OF MAILING  FEB 28 2000



to another district or division in which venue is proper, if such transfer is in the interest of justice. In the instant matter, the plaintiff's claims arise from events that allegedly occurred in Morgan City, Louisiana, which is situated within the geographical jurisdiction of the United States District Court for the Western District of Louisiana. Furthermore, the defendants are to be found in that district. Accordingly, venue is proper in that jurisdiction, and the interest of justice to all parties dictates that this case be transferred.

## RECOMMENDATION

**IT IS RECOMMENDED** that the instant matter be **TRANSFERRED** to the United States District Court for the Western District of Louisiana.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 24 day of February, 2000.

ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE